LOUIS HEUBSCHMAN, Plaintiff, *v.* JULIUS G. KUGELMAN and MAX YANKAUER, Defendants.

(Supreme Court, New York Special Term, May, 1920.)

Pleading — when amendment of course must be exercised — demurrer — service — Code Civ. Pro. § 542.

> Pleadings are steps in a litigation preliminary to judgment. The right to amend as of course must be exercised within the period when the case is in the course of pleading. Therefore, where within twenty days after the service of an answer a demurrer to separate defenses therein was sustained with leave to serve an amended answer, on terms which defendants have not availed of, defendants have no right under section 542 of the Code of Civil Procedure, within said twenty days, to serve an amended answer as of course, and a motion to compel acceptance thereof will be denied.

MOTION to compel acceptance of service of amended answer.

Robert T. Oliver (William N. Cohen, of counsel), for motion.

Nathaniel A. Elsberg opposed.

TIERNEY, J. The defendants served an answer containing denials and separate defenses to the several causes of action. The plaintiff demurred to the sufficiency of the separate defenses. The issues of law were brought to trial as contested motions and the demurrer sustained. Leave was given to serve an amended answer on terms which the defendants have not availed of. All of this occurred within twenty days after the service of the answer. Within the twenty days the defendants served an amended answer which differed from the original answer only in a restatement in different form of the separate defenses. The defendants claim the right to serve this amended answer as a matter of right under section 542 of the Code of Civil Procedure. The decision of the issue of law was a judgment upon that part of the controversy — final, except as leave was given to amend. Pleadings are steps in a litigation preliminary to judgment. The right to amend as of course must be exercised within the period when the case is in the course of pleading. When that stage is passed and the case has gone to judgment, it is too late to exercise any right to amend. The right to amendment given by the Code must be exercised within the proper season for an amendment, or it is waived. If not expressly so provided, it is a matter of necessary implication from the nature of the case. If the defendants had desired to amend their answer before there was a trial of the issue of law and a judgment thereon, they should have

had the trial postponed until they had exercised the right. Instead, they went to trial on the pleadings as they stood and must abide the result. It is contrary to reason to suppose that a case may proceed to trial and judgment and then all proceedings be superseded by an amendment of the pleadings as a matter of right. The defendant cannot as a matter of right serve an amendment of the separate defenses. That part of their answer has been litigated. The other part of their answer, consisting of denials, they do not seek to amend, nor is the second answer different in this respect from the former answer, and it is not an amendment.

The plaintiff was justified in refusing to accept service of the so-called amended answer, which was served without right, and the motion to compel him to accept service thereof is denied.

Motion denied.